# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# STATESBORO DIVISION

| | | |
|---|---|---|
| ANGELLICA ROBERTS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | CV616-138 |
| | ) | CR614-023 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **REPORT AND RECOMMENDATION**

After pleading guilty to aggravated identity theft, doc. 16[1] (plea agreement); doc. 19 (judgement for 126 months' imprisonment), Angellica Roberts took no appeal within the time allowed by Fed. R. App. P. 4(b)(1)(A)(i) (defendants must notice their appeals within 14 days from the entry of judgment).[2] She now moves under 28 U.S.C. § 2255 to reduce her sentence in light of a November 1, 2015 amendment to the Sentencing Guidelines' "mitigating role" adjustment. *See* doc. 29 at 4; U.S.S.G. § 3B1.2. Preliminary § 2255 Rule 4 review shows that her motion must be **DENIED** both as untimely and on the merits.

---

[1] The Court is citing to the criminal docket in CR614-023 unless otherwise noted, and all page numbers are those imprinted by the Court's docketing software.

[2] Judgment was first entered on November 18, 2014, doc. 17, and an amended judgment was entered on November 20, 2014, doc. 19. The Court relies on the later of two dates for the purpose of calculating the date movant's conviction became final.

Roberts had until December 4, 2015 to seek § 2255 relief. 28 U.S.C. § 2255(f).[3] She did not signature-file the present § 2255 motion, however, until September 29, 2016 -- over nine months too late. Doc. 29. Roberts explains the delay was caused by her *pro se* status and her misunderstanding that the § 2255 motion needed to be filed "prior to the Court determining the need for an attorney." Doc. 29 at 1.[4]

Though the statute of limitations "can be equitably tolled where a petitioner untimely files because of extraordinary circumstances that are both beyond h[er] control and unavoidable even with diligence," *Kicklighter v. United States*, 281 F. App'x 926, 930 (11th Cir. 2008)

---

[3] As described in the statute, the one-year limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

[4] Notably, Robert's motion for appointment of counsel *and* her motion to extend the statutory limitations period for filing a § 2255 motion were denied by this Court on February 23, 2016. *See* doc. 27. She has since attempted to renew her request for the appointment of counsel on June 28, 2016, through her prior counsel of record. *See* doc. 28. That, too, is denied.

(quoting *Outler v. United States*, 485 F.3d 1273, 1280 (11th Cir. 2007)), this is not such a case. Roberts has not demonstrated either the existence of "extraordinary circumstances" that prevented her timely filing the petition, *Wakefield v. R.R. Ret. Bd.*, 131 F.3d 967, 970 (11th Cir. 1997) (neither a litigant's pro se status nor ignorance of the law normally warrants equitable tolling), or that she diligently pursued relief.[5] *See Diaz v. Sec'y for Dep't of Corr.*, 362 F.3d 698, 702 (11th Cir. 2004) ("equitable tolling is available only if a petitioner establishes *both* extraordinary circumstances and due diligence"). Even taking as true her statement that she was not aware of the existence of Amendment 794 until July 2016, *see* doc. 29 at 2, movant's late discovery of the amendment does not provide grounds for this Court to equitably toll the statutory deadline for filing her § 2255 motion. *See Murphy v. U.S.*, 634 F.3d 1303, 1306 (11th Cir. 2011). Hence, Roberts' motion is time-barred unless she can show an exception, like a new rule of law retroactively

---

[5] Roberts asserts a "misunderstanding" about the § 2255 limitations period but does not claim that she was actively misled in some fashion that led to her motion's untimeliness, a distinction that is subtle but critical here. *Compare Spottsville v. Terry*, 476 F.3d 1241, 1245-46 (11th Cir. 2007) (petitioner entitled to equitable tolling because state habeas court instructed him to file his application for a certificate of probable cause in the wrong court), *with Hill v. Jones*, 242 F. App'x 633, 636–37 (11th Cir. 2007) (distinguishing *Spottsville* in denying relief because the petitioner simply mailed his notice of appeal from the denial of Rule 32 relief to the wrong court without having been given erroneous information by a court).

available to her.  *See* 28 U.S.C. § 2255(f).

Nothing in Amendment 794, however, entitles her to resentencing. That amendment merely "clarified the factors to consider for a minor-role adjustment" -- it did not substantively change § 3B1.2. *United States v. Casas*, 632 F. App'x 1003, 1004 (11th Cir. 2015). Indeed, the Sentencing Commission specifically explained that Amendment 794 is intended *only* as a clarifying amendment. U.S.S.G. Supp. App. C, Amend. 794 (Reason for Amend.) ("This amendment provides additional guidance to sentencing courts in determining whether a mitigating role adjustment applies").

"The threshold inquiry," therefore, "is whether [Roberts'] claim that h[er] sentence is contrary to a subsequently enacted clarifying amendment is cognizable under § 2255." *Burke v. United States*, 152 F.3d 1329, 1331 (11th Cir. 1998).  *See, e.g., Jacobs v. United States*, 2016 WL 4183312 at * 1 (S.D. Ga. Aug. 5, 2016); *Knight v. United States*, 2016 WL 4082701 (S.D. Ga. Jul. 29, 2016).  *Burke* confirms that § 2255 relief is not available to Roberts.  In both cases, the movants did not appeal. *Burke*, 152 F.3d at 1331.  After sentencing, the Sentencing Commission added a clarifying amendment to the Guidelines, and the petitioners

moved under § 2255 to modify their sentences based on the change. *Id.*

Just as in *Burke*, Roberts "was afforded the opportunity to" challenge the denial of a minor role adjustment "at h[er] original sentencing and on direct appeal." *Id.* at 1332. She never did.[6] "Considering all of the circumstances, [the Court] cannot say that the alleged misapplication of the sentencing guidelines in this case was fundamentally unfair or that it constituted a miscarriage of justice sufficient to form the basis for collateral relief." *Id.*[7]

Accordingly, Roberts' § 2255 motion should be **DENIED**. Applying the Certificate of Appealability (COA) standards set forth in *Brown v. United States*, 2009 WL 307872 at * 1-2 (S.D. Ga. Feb. 9, 2009), the Court discerns no COA-worthy issues at this stage of the litigation, so no COA should issue either. 28 U.S.C. § 2253(c)(1); Rule 11(a) of the Rules Governing Habeas Corpus Cases Under 28 U.S.C. § 2254 ("The district

---

[6] After she pled guilty to wire fraud conspiracy and aggravated identity theft, the Court sentenced Roberts to 126 months' consecutive imprisonment. Doc. 18. She never appealed, and nothing in the record reveals an objection to her Guidelines sentence calculation.

[7] Because "§ 2255 is not a substitute for direct appeal," nonconstitutional claims such as clarifying amendments to the Guidelines "can be raised on collateral review only when the alleged error constitutes a 'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Burke*, 152 F.3d at 1331 (quoting *Reed v. Farley*, 512 U.S. 339, 348 (1994)).

5

court *must* issue or deny a certificate of appealability when it enters a final order adverse to the applicant") (emphasis added).

This report and recommendation (R&R) is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 72.3. Within 14 days of service, any party may file written objections to this R&R with the Court and serve a copy on all parties. The document should be captioned "Objections to Magistrate Judge's Report and Recommendations." Any request for additional time to file objections should be filed with the Clerk for consideration by the assigned district judge.

After the objections period has ended, the Clerk shall submit this R&R together with any objections to the assigned district judge. The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to timely file objections will result in the waiver of rights on appeal. 11th Cir. R. 3-1; *see Symonett v. V.A. Leasing Corp.*, 648 F. App'x 787, 790 (11th Cir. 2016); *Mitchell v. U.S.*, 612 F. App'x 542, 545 (11th Cir. 2015).

**SO REPORTED AND RECOMMENDED,** this  __19th__  day of October, 2016.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA